IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01330-MSK-MJW

JOHN TORRES,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Attorney's Fees **(# 31)**, the Plaintiff's response **(# 32)**, and the Defendant's reply **(# 33)**.

The facts pertinent to this issue are simple. On or about June 25, 2007, the Plaintiff filed an Amended Complaint **(# 9)**, adding former Defendant Cynthia Davis as a party and asserting a single claim against her, sounding in both negligence ("breach of duty of reasonable care") and contract ("breach of duty of good faith and fair dealing").[1] Specifically, the Plaintiff alleged that Ms. Davis failed to advise him of his entitlement to enhanced insurance coverage when adjusting

---

[1] It is not entirely clear that a claim for "breach of duty of good faith and fair dealing" is necessarily one that sounds in contract. Indeed, in *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003), a case the Plaintiff cited extensively in arguing the merits of the motion to dismiss here, the Colorado Supreme Court characterized this claim as being one "for imposition of a duty of good faith and tort liability for its breach." Arguably, the Plaintiff's claims sounded <u>entirely</u> in tort, and thus, the resolution of the issue presented herein is obvious. Nevertheless, out of an abundance of caution and in the interests of completeness, the Court will assume, as the Plaintiff does, that he asserted claims sounding in both tort and contract.

1

the Plaintiff's claim. Defendant American Family Mutual Ins. Co. ("American Family") moved to dismiss **(# 8)** the claims against Ms. Davis[2] pursuant to Fed. R. Civ. P. 12(b)(6). By Order **(#30)** dated March 19, 2008, the Court granted American Family's motion and dismissed the claims against Ms. Davis.

On May 19, 2008, American Family filed the instant motion for attorney's fees **(# 31)**, alleging that it was entitled to the fees incurred in filing the motion to dismiss by operation of C.R.S. § 13-17-201. That statute provides that, in actions sounding in tort, "where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action." Such a statute is considered "substantive," and thus, this Court applies in cases premised upon state law claims. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).

Although the statute speaks of dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the statute nevertheless applies to dismissals under Fed. R. Civ. P. 12(b)(6) as well. *Id.* n. 6. Similarly, although the statute speaks of an "action" being dismissed, the 10th Circuit has interpreted that language to permit an award of fees in circumstances where all claims against a single defendant are dismissed on Rule 12 grounds, even though claims continue against other defendants. *Id.* at 757, *citing Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996).

---

[2]The odd procedural posture of a defendant moving to dismiss claims asserted against a different defendant can be explained by the fact that American Family believed Ms. Davis to have been fraudulently joined by the Plaintiff in order to defeat removal premised on diversity jurisdiction.

The Plaintiff's major argument in response is that the statute applies only when the entire action (including surviving claims) sounds in tort. This argument springs primarily from dicta by the Colorado Supreme Court in *State v. Golden's Concrete Co.*, 962 P.2d 919 (Colo. 1998). There, in discussing the applicability of C.R.S. § 13-17-201 where the claim dismissed sounded in federal law, the Court made a passing comment that "[t]he statute requires courts to award defendants reasonable attorney fees whenever an entire tort action, but not a single tort claim, is dismissed" pursuant to Rule 12. The Plaintiff appears to understand the word "entirely" in this context to modify the term "tort," such that fees are available only when the action sounds entirely in tort.[3] As explained below, the Court finds this construction of the dicta in *Golden's Concrete* untenable, and that the correct interpretation of that language is that the "entire . . . action," rather than individual claims must be dismissed before fees can be awarded, but the presence of non-tort claims among those dismissed does not defeat operation of the statute.

*Golden's Concrete*, a dispute between a vehicle operator and the State of Colorado's vehicle licensing division over retroactive fees, entailed claims arising under the Colorado Administrative Procedure Act, and Equal Protection claims arising under 42 U.S.C. § 1983, among others. 962 P.2d at 922. The trial court dismissed the claims under C.R.C.P. 12(b) as administratively unexhausted, but denied an award of attorney fees on the grounds that the court

---

[3]From a strict grammatical standpoint, if, as the Plaintiff argues, "entire" modifies the adjective "tort" (which itself modifies the noun "action"), it is functioning as an adverb. Like most adverbs, it would likely take on the suffix "-ly." In other words, if the legislature intended to refer to an action that was "entirely tort," it would have used that construction. As written, however, and as the cases discussed *infra* appear to understand, the word "entire" appears to operate as an adjective modifying "action," requiring that all claims in an action be dismissed on Rule 12 grounds.

3

Found the action had been brought in good faith.[4] The Colorado Supreme Court agreed that both the state-law and federal-law claims required exhaustion and affirmed the trial court's dismissal of those claims. *Id.* at 924-25. The Court then turned to the state's argument that it was entitled to fees under C.R.S. § 13-17-201 "based on the court's dismissal of the section 1983 claim." *Id.* at 925. After uttering, in dicta, the passage quoted above, the Court turned to the question of whether the state-law fee statute applies to the § 1983 claim, or whether "42 U.S.C. § 1988 . . . preempts the operation of section 13-17-201 under the doctrine of federal preemption." *Id.* at 926. After reasoning through the question, the Court resolved the question in favor of preemption, and held that C.R.S. § 13-17-201 does not apply to fees sought pursuant to dismissal of a § 1983 claim. *Id.*

Nothing in *Golden's Concrete* suggests that the Colorado Supreme Court's decision was based on the fact that some, but not all, of the claims asserted by the vehicle operator sounded in tort law. (This Court assumes that the Supreme Court considered the § 1983 Equal Protection claim to effectively sound in tort, although the decision does not specifically state as much.) Had it done so, it would not have had to reach the question of whether C.R.S. § 13-17-201 applied to federal claims, as it was apparent that some of the operator's claims – namely, the statutory claim under Colorado's Administrative Procedures Act – were not grounded in tort. Thus, whatever the dicta in *Golden's Concrete* can be found to mean, it is difficult to conclude that it stands for the proposition that the pleading of a single non-tort claim is sufficient to defeat a claim for fees under C.R.S. § 13-17-201.

---

[4]This led the Colorado Supreme Court to conclude that the trial court was not applying the mandatory language of C.R.S. § 13-17-201, but rather, the discretionary power to award attorney's fees under C.R.S. § 13-17-101 *et seq.* 962 P.2d at 923 n. 10.

Next, the Plaintiff relies on *Berg v. Shapiro*, 36 P.3d 109 (Colo. App. 2001). There, a doctor brought a variety of common-law claims, including tortious interference with contract, libel, and outrageous conduct, along with a § 1983 claim premised on unspecified constitutional grounds, against the hospital administrator that suspended him from practice. *Id.* at 111, 112-13. Faced with the defendant's claim of statutory immunity, the trial court conducted an evidentiary hearing – effectively treating the matter as a motion for summary judgment – and dismissed the plaintiff's claims. *Id.* at 111, 113 (noting "the unique kind of summary judgment proceeding here"). The trial court then granted fees pursuant to C.R.S. § 13-17-201. *Id.* at 112. On appeal, the Court of Appeals reversed the award of fees on two grounds. "First," it explained, "an award of fees under this provision requires that the entire tort action be dismissed pursuant to a motion filed under C.R.C.P. 12(b). Such was not the case here." *Id.* at 113 (citation omitted). Second, it found that, pursuant to *Golden's Concrete*, the trial court had not evaluated the claim for fees relating to the § 1983 claim under the controlling federal law.

Although it relies on essentially the identical language as the dicta in *Golden's Concrete*, the decision in *Berg* does not advance the Plaintiff's argument that such language indicates a requirement that an action sound fully in torts before fees may be awarded under C.R.S. § 13-17-201. Indeed, in *Berg*, all of the plaintiff's claims appeared to be based in a tort (assuming, as *Golden's Concrete* appeared to do, those § 1983 claims are essentially tortious in nature). Rather, it appears that the defect preventing an award of fees in *Berg* was that the case was not "dismissed pursuant to a motion filed under C.R.C.P. 12(b)." As the discussion in *Berg* makes clear, the matter was resolved after an evidentiary hearing, akin to summary judgment, not on a Rule 12 motion that is usually decided on the papers. C.R.S. § 13-17-201's text makes expressly

5

clearly that "[t]his section shall not apply" where a Rule 12 motion "is treated as a motion for summary judgment." Thus, *Berg* offers no support for the Plaintiff's argument.

Next, the Plaintiff cites *First Interstate Bank of Denver v. Berenbaum,* 872 P.2d 1297 (Colo. App. 1993). As relevant herein, that case involved claims by the plaintiff against the "Welborn defendants" for negligent misrepresentation and fraud. *Id.* at 1298. The trial court dismissed the negligent misrepresentation claim on a Rule 12 motion, and later, granted summary judgment to the defendant on the fraud claim. *Id.* at 1299. The court then awarded attorney fees to the defendant under C.R.S. § 13-17-201. *Id.* at 1299. The Court of Appeals affirmed the dismissal of the negligent misrepresentation claim, but found that the award of fees was improper. *Id.* at 1301. The court interpreted C.R.S. § 13-17-201 to apply only "when an <u>action</u> has been dismissed under C.R.C.P. 12, . . . in this case, only a single claim [the negligent misrepresentation claim] was dismissed under that rule." *Id.* at 1302 (emphasis in original). Once again, *First Interstate Bank* does not support the Plaintiff's argument that all claims must sound in tort before fees are awarded under C.R.S. § 13-17-201. (Indeed, all of the claims in *First Interstate Bank* were tortious in nature, and yet fees were not awarded.) Rather, if anything, *First Interstate Bank* favors the Court's interpretation of the dicta in *Golden's Concrete* – namely, that "entirely" modifies "action," such that fees are awarded only if the "entire . . . action" is resolved on a Rule 12 motion. Where, as in *First Interstate Bank*, some claims survive the Rule 12 process, the "entire action" is not resolved and fees are not available under the statute.[5]

---

[5]The same reasoning explains why the Plaintiff's citation to *Sundheim v. Board of County Commissioners*, 904 P.2d 1337, 1352 (Colo. App. 1995) and *U.S. Fax Law Center v. T2 Technologies, Inc.*, 183 P.2d 642, 648-49 (Colo. App. 2007), fail to advance the Plaintiff's

Finally, the Plaintiff cites to *AST Sports Science, Inc. v. CLF Distribution Ltd.,* 2006 WL 1991756 (D. Colo. July 14, 2006). In that case, the court had dismissed all claims on Rule 12 grounds, but the plaintiff opposed an award of fees under C.R.S. § 13-17-201, arguing that "this was not a tort action, but rather a contract action with a single appended tort claim." *Id.* at *1. Finding that the Colorado courts had not addressed the question of whether the statute applies when the action entails both tort and non-tort claims, *citing Aztec Minerals Corp. v. State*, 987 P.2d 895, 898 (Colo. App. 1999) (declining to consider the argument),[6] the court attempted to predict how the Colorado Supreme Court would answer the question. Observing that courts had focused on the nature of the claims pleaded – denying relief where the plaintiff had plead only contract claims when a remedy was available in tort, *citing Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538, 541 (Colo. App. 2005) – the court predicted that Colorado Supreme Court would find the fee statute inapplicable in a circumstance where the general thrust of the action was in contract and the only tort claim was an insufficiently specific "after-thought" appended to the action. *Id.* at *2. Applying C.R.S. § 13-17-201 in those circumstances, the court concluded, would be "an overly literal interpretation of the statute" leading to an "absurd and illogical result" inconsistent with the legislature's intent. (The court acknowledged that "the issue might be closer had plaintiff filed numerous tort claims, but it did not.")

Of all of the cases cited by the Plaintiff *AST Sports Science* is the only one that even

---

argument. In both cases, at least one claim survived the Rule 12 motion, thus making fees unavailable under C.R.S. § 13-17-201.

[6]Given the Plaintiff's reliance on *AST Sports Science*, this Court has some question as to why the Plaintiff would also cite cases predating 1999 for the proposition that the Colorado courts have <u>actually</u> decided the issue.

7

remotely supports the argument that the inclusion of non-tort claims among those dismissed is sufficient to defeat the application of C.R.S. § 13-17-201. Nevertheless, this Court is not persuaded by the reasoning of *AST Sports Science* and, in any event, the Court finds that the facts of this case are sufficiently distinguishable from *AST Sports Science* that, even if the rule from that case were applied, an award of fees would nevertheless be appropriate.

This Court's disagreement with the reasoning of *AST Sports Science* is twofold. First, this Court disagrees that *Sweeney*, the only case cited[7] in *AST* that considers the applicability of C.R.S. § 13-17-201 with regard to the types of claims pled therein, warrants an inference that the Colorado Supreme Court would conclude that the mixing of tort and non-tort claims would defeat the application of C.R.S. § 13-17-201. In *Sweeney*, the plaintiff theatergoer was injured when a piece of the theater fell on him. He sued the theater on claims of breach of contract, premised on the argument that the purchase of a theater ticket constituted a contractual arrangement. The theater moved to dismiss, arguing that the claim should have been brought as a tort claim under the premises liability statute, but that such a claim would be untimely. The trial court agreed and awarded fees to the theater under C.R.S. § 13-17-201. *Id.* at 539. The Court of Appeals affirmed the dismissal, but vacated the award of fees. The Court of Appeals explained that although tort provided the correct theory on which the plaintiff should have proceeded, the plaintiff pled his claim entirely in contract and that it was only contract claims that were dismissed. Thus, under the plain language of C.R.S. § 13-17-201, fees were not

---

[7]*AST* also considered *Golden's Concrete* and cases that stand for the same proposition as *First Interstate Bank* – i.e. that dismissal of less than the entire action against a party is not sufficient to invoke C.R.S. § 13-17-201. For the reasons discussed above, this Court finds *AST*'s reliance on these cases to resolve the issue presented here to be unpersuasive.

available.

What *Sweeney* teaches is that the Court must evaluate whether a "tort action" has been pled by examining the face of the pleading, not the underlying logic of the claims. *See Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1010 (Colo. 2008). It makes the plaintiff the master of his pleading: if the plaintiff chooses to plead claims in tort, he runs the risk of C.R.S. §13-17-201 applying; if he wishes to avoid the application of the statute, he must refrain from pleading tort claims. *Id.* (statute "was not intended to hinder the filing of contract claims where the plaintiff could have alternatively pleaded claims in tort").[8] But contrary to the findings in *AST*, this Court finds nothing in *Sweeney* that bears on the question of whether a mixture of tort and non-tort claims is a "tort action" for purposes of C.R.S. § 13-17-201. The court in *Sweeney* was not faced with a mixture of such claims, and nothing in the reasoning of *Sweeney* reveals how the court might have answered that question.

Second, this Court disagrees with *AST Sports Science*'s conclusion that permitting fee awards in cases where the tort claim was a perfunctory add-on to primarily non-tort claims would not advance the legislature's intent. The court in *AST* correctly noted that the purpose of C.R.S.
§13-17-201 was to discourage the filing of baseless tort claims. *AST*, *supra* at *1, *citing Krystkowiak v. W.O. Brisben Co.*, 90 P.3d 859, 869 (Colo. 2004) (concluding that legislative intent of the statute was "to award attorney fees in a narrow category of baseless tort cases, namely those cases that were so lacking in substance that they could not survive a motion to

---

[8]This Court understands the term "alternatively" in the quoted passage to mean "instead of" rather than "in addition to."

9

dismiss for failure to state a claim upon which relief could be granted"). Although *AST* may be entirely reasonable in finding that purpose is not served where the majority of the fees were incurred seeking to obtain dismissal of mostly non-tort claims, that reasoning does not apply with equal force in the opposite situation: where the bulk of the defective claims sound in tort, and a non-tort claim is the perfunctory add-on. Indeed, a categorical rule that fees are unavailable under C.R.S. § 13-17-201 if any non-tort claim is pled and dismissed would serve to undermine the legislature's intent: a crafty pleader could simply ensure that he or she adds in a single non-tort claim to a complaint, regardless of that claim's relative merit, thereby nullifying C.R.S. § 13-17-201's applicability to any defective tort claims.

This Court finds that C.R.S. § 13-17-201 is applicable where both tort and non-tort claims are pled and dismissed under Rule 12. In addition to the reasons discussed above, this Court finds that conclusion bolstered by the reasoning in *Dubray v. Intertribal Bison Co-Op.*, 192 P.3d 604, 606 (Colo. App. 2008). There, the plaintiff asserted a variety of claims, sounding in both tort and contract. 192 P.3d at 606. The trial court dismissed all of the claims under Rule 12 and awarded fees. The Court of Appeals affirmed. Addressing C.R.S. § 13-17-201, the court rejected the plaintiff's argument that "the statute does not apply because the action included both tort and non-tort claims." *Id.* at 606. The court explained that "the statute does not apply if an action contains both tort and non-tort claims <u>and</u> the defendant obtains C.R.C.P. 12(b) dismissal of only the tort claims." *Id.* at 607 (emphasis added). However, the court found that "six of the eight claims . . . were pleaded as tort claims. Plaintiff obviously chose to include these claims to obtain relief beyond what was available solely under a breach of contract theory" and that in such circumstances, the action was one that sounded in tort and justified an award of fees under

10

§13-17-201. *Id.*

As far as this Court can ascertain, *Dubray* is the only Colorado state court case to have squarely addressed the question presented here: whether C.R.S. § 13-17-201 applies in cases where all claims, both tort and non-tort, have been dismissed on Rule 12 grounds. In the absence of persuasive authority to the contrary, then, this Court will apply the logic of *Dubray*.[9] Thus, because the Plaintiff's claims here included tort claims of negligence, the Court finds that the Defendant secured the Rule 12 dismissal of the entire "tort action" as it was pled against Ms. Davis, and thus, the Court rejects the Plaintiff's argument that fees are not available under C.R.S. § 13-17-201.

The only question remaining is the amount of fees to be awarded. American Family's original motion requested $4,012.50 in fees, based on two attorneys performing approximately 25 hours of work at $150 per hour, and a staff member performing one hour of work at $74 per hour. The Plaintiff's response does not challenge the reasonableness of the rates or hours requested. American Family's reply brief requests an additional $ 210 for 1.4 hours of work in drafting that document, and the Plaintiff has raised no objection to that amount either. Accordingly, in the absence of opposition, the Court assumes that the rates and hours requested by American Family are reasonable and awards those amounts against the Plaintiff pursuant to C.R.S. § 13-17-201.

---

[9]Even assuming that *AST* provided the correct analysis, this Court would nevertheless find that case distinguishable on its facts. Unlike *AST*, the Plaintiff's negligence claim here was not a superficial "add-on"; if anything, the negligence claim was at least as prominently argued as the Plaintiff's claims sounding in contract. Thus, there is little reason to fear that imposing liability for the Plaintiff's substantial pursuit of a baseless tort claim would contravene the rationale of *AST*.

American Family's Motion for Attorney's Fees **(# 31)** is **GRANTED**. The Plaintiff shall make payment to American Family's counsel in the amount of $4,222.50 within 20 days of the date of this Order.

Dated this 9th day of February, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge